*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-1057

FILED 11/17/16
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

IN RE RICHARD J. BIANCO, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 475319)

On Report and Recommendation of the Board on Professional Responsibility
Ad Hoc Hearing Committee

Approving Petition for Negotiated Discipline
(BDN D005-16)

(Decided: November 17, 2016)

Before GLICKMAN and THOMPSON, *Associate Judges*, and REID, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee ("the Committee") recommends approval of an amended petition for negotiated attorney discipline.

The violations stem from respondent Richard J. Bianco's professional misconduct arising from his representation of a client.

Respondent acknowledged that he (1) failed to serve his client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters; (2) failed to represent his client zealously and diligently within the bounds of the law; (3) intentionally failed to seek the lawful objectives of his client; and (4) engaged in dishonesty, deceit, and misrepresentation, thereby violating Rules 1.1 (b), 1.3 (a), 1.3 (b)(1), and 8.4 (c) of the District of Columbia Rules of Professional Conduct. The Committee considered the mitigating circumstances, which included the following: (1) respondent cooperated with Disciplinary Counsel; (2) respondent took full responsibility and acknowledged his misconduct from the outset; (3) respondent has no prior discipline; (4) the misconduct occurred during a time when respondent suffered from Bipolar Disorder and Attention Deficit Hyperactivity Disorder ("ADHD"); (5) respondent's Bipolar Disorder and ADHD substantially affected the misconduct, excluding the violation of Rule 8.4 (c); (6) respondent has been substantially rehabilitated from his Bipolar Disorder and ADHD; and (7) respondent fully compensated his client for his misconduct. Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a eighteen month suspension

effective thirty days from the date of this opinion, six-months stayed in favor of six-months of unsupervised probation, with the requirements that respondent shall: (1) during the one-year suspension and six-month probation, submit monthly reports to Disciplinary Counsel self-certifying his compliance with the treatment directions of his treating psychiatrist; (2) waive any privilege otherwise applicable to his treatment to the extent necessary for Disciplinary Counsel to verify compliance with terms of the probation; and (3) not be found to have engaged in any misconduct in this or any other jurisdiction. Further, additional sanctions, including a fitness requirement, may be imposed if respondent violates the term of his probation. After reviewing the amended petition for negotiated discipline, considering the supporting affidavit, conducting a limited hearing, and holding an ex parte meeting with Disciplinary Counsel, the Committee concluded that the amended petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of an eighteen-month suspension from the practice of law, six months stayed, and unsupervised probation with the conditions set forth above is not

unduly lenient considering the existence of mitigating factors and the discipline imposed by this court in other cases involving dishonesty and misrepresentation.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Richard J. Bianco is hereby suspended from the practice of law in the District of Columbia for eighteen months effective thirty days from the date of this opinion, six months stayed in favor of six months of unsupervised probation, with the following requirements: (1) during the one-year suspension and six-month probation that respondent shall submit monthly reports to Disciplinary Counsel self-certifying his compliance with the treatment directions of his treating psychiatrist; (2) waive any privilege otherwise applicable to his treatment to the extent necessary for Disciplinary Counsel to verify compliance with terms of the

---

[1] *E.g.*, *In re Guberman*, 978 A.2d 200 (D.C. 2009) (finding an attorney who misrepresented to his employer that he filed an appeal on his client's behalf and falsified filing stamps in the firm's file warranted an eighteen-month suspension from the practice of law with reinstatement conditioned on completion of a continuing legal education course in professional responsibility); *In re Pennington*, 921 A.2d 135, 136-38 (D.C. 2007) (involving a two-year suspension with fitness requirement for an attorney who falsely told client that a case had been settled and paid the client with personal funds rather than admit the action had been dismissed).

probation; and (3) not be found to have engaged in any misconduct in this or any other jurisdiction. Additional sanctions, including a fitness requirement, may be imposed if respondent violates the term of his probation. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*